IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00651-MR

| | |
|---|---|
| CHARLES B. RANDOLPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARRY L. MCFADDEN, ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 [Doc. 1]. The Petitioner is proceeding in forma pauperis. [Doc. 11].

**I.   BACKGROUND**

On December 6, 2021,[1] the Petitioner filed the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. At the time he filed the Petition, the Petitioner was being held as a pretrial detainee on numerous charges[2] at the Mecklenburg County Jail (the "Jail") in Charlotte,

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[2] The following charges were filed against the Petitioner in Mecklenburg County Superior Court on March 9, 2018 and remain pending: sex offense with a child by an adult, Case No. 18CRS210698; indecent liberties with a child, Case Nos. 18CRS210299, 18CRS21076, 18CRS210707, 18CRS210708, and 18CRS210709; and statutory sex

North Carolina.³ [Id. at 1]. The Petitioner challenges the legality of his detention based on an allegedly "illegal search and seizure" and a failure to give Petitioner Miranda⁴ warnings, all occurring on March 30, 2018. [Id. at 6]. The Petitioner claims that this violated his rights under the United States and North Carolina Constitutions. [Id. at 7]. The Petitioner alleges that he filed "requests/motions, grievances repeatedly on numerous occasions with/to the State, [his] previous attorney, … [his] current attorney … and the Superior Clerk of Courts over these years with no re remedy/relief of this (Illegal Seizure)." [Doc. 1-1 at 1; Doc. 1 at 2; see Doc. 9-1 at 1 (stating that he has "submitted copies of all grievances to Mecklenburg County Superior Clerk of Courts")]. The Petitioner, however, does not allege what form his "requests/motions" and "grievances" took, or that he appealed any decision or action at issue in the North Carolina courts. Instead, he notes that he "appeal[ed]" by filing a prior habeas corpus petition in this Court, Case No.

---

offense with a child by an adult, Case Nos. 18CRS210702, 18CRS210703, 18CRS210704, and 18CRS2810705.

³ As of December 30, 2021, the Petitioner has been housed at the Catawba County Detention Center. See https://injail.catawbacountync.gov/WhosInJail/ (last accessed March 15, 2022); Fed. R. Evid. 201.

⁴ Miranda v. Arizona, 384 U.S. 436 (1966).

3:21-cv-0538-MR.[5] [Doc. 1 at 2]. As relief, the Petitioner asks the Court to grant him "a just remedy that is entitled to the citizens of our country and state that is clearly provided by the Constitution of the United States and North Carolina." [Doc. 1 at 7].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[5] In that case, the Court denied and dismissed the habeas petition without prejudice because the Petitioner did not allege that he had fully exhausted his state remedies before filing the action, and because the action was barred by abstention principles. Randolph v. McFadden, 3:21-cv-538, 2021 WL 5100955 (W.D.N.C. Nov. 2, 2021).

## III. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Under § 2241, federal habeas corpus relief is available for persons in custody regardless of the status of the case pending against them or whether final judgment has been rendered against them. United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).

Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling

legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, the Petitioner has not fully exhausted state remedies. The Petitioner does not allege that he has appealed any of the issues about which he now complains. See Richardson v. Thompson, No. 4:15-2638-RBH-TER, 2015 WL 7422709, at *2 (D.S.C. Sept. 30, 2015) ("As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies.") (citations omitted).

As such, the Petitioner failed to exhaust his state remedies before filing this action. Because the Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

Moreover, while federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should

exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, the Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court would, therefore, abstain from addressing the Petitioner's claims while state court criminal charges are pending against him in any event.

## IV. CONCLUSION

For all of these reasons, the Court will deny and dismiss the Petitioner's § 2241 petition without prejudice.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

## O R D E R

**IT IS THEREFORE ORDERED** that:

1. The Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

3. The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge